UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

| | |
|---|---|
| VOLTAGE PICTURES, LLC | ) |
| Plaintiff, | ) |
| v. | ) Case 2:12-cv-00217-JES-DNF |
| DOES 1 – 2,514 | ) |
| Defendants. | ) |

**DECLARATION OF BENJAMIN PERINO IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY**

I, Benjamin Perino, declare:

1. I am a Manager for Guardaley, Limited ("Guardaley"), a company incorporated in England and Wales under company number 06576149. Guardaley is a provider of online anti-piracy services for the motion picture industry. I submit this declaration in support of Plaintiff's Motion for Leave to Take Discovery and for Internet Service Providers to Disclose Identifying Information of Unknown Defendants.

2. The Plaintiff in this action is producer and distributor of motion pictures. The Plaintiff has engaged Guardaley to, among other tasks, document evidence of the unauthorized reproduction and distribution of the Plaintiff's copyrighted motion picture *"The Hurt Locker"* (the "Motion Picture") within the United States of America, including Florida. As a Manager of Guardaley, I am responsible for coordinating Guardaley's enforcement effort against internet piracy, which necessarily includes enforcement within Florida. My duties include supervision of

1

Case 2:12-cv-00217-JES-DNF   Document 4-1   Filed 04/20/12   Page 2 of 6 PageID 75

our online copyright infringement campaign, identification and development of Internet anti-piracy technologies, identification of online copyright infringers.

3. This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

**Background**

4. The Internet is a vast collection of interconnected computers and computer networks that communicate with each other. It allows hundreds of millions of people around the world to freely and easily exchange ideas and information, including academic research, literary works, financial data, music, audiovisual works, graphics, and an unending and ever-changing array of other data. Unfortunately, the Internet also has afforded opportunities for the wide-scale infringement of copyrighted motion pictures. Once a motion picture has been transformed into an unsecured digital format, it can be copied further and distributed an unlimited number of times over the Internet, without significant degradation in picture or sound quality.

5. To copy and distribute copyrighted motion pictures over the Internet, many individuals use online media distribution systems or so-called "peer-to-peer" ("P2P") networks. P2P networks, at least in their most common form, are computer systems that enable Internet users to (1) make files (including motion pictures) stored on each user's computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer copies of files from one computer to another via the Internet.

6. At any given moment and depending on the particular P2P network involved, anywhere from thousands to millions of people, either across the country or around the world, unlawfully use the P2P network to upload (distribute) or download (copy) copyrighted material. The P2P systems represent a "viral" distribution of digital files: each user of the system who copies a part

of a digital file from another user can then distribute the file to still other users and so on, so that almost-perfect copies of an infringing file can be distributed to millions of people worldwide with breathtaking speed. Significantly, a person who uses a P2P network is free to use any alias (or "network name") whatsoever, without revealing his or her true identity to other users. Thus, while Plaintiff has observed the infringement occurring on the Internet, it does not know the true names or addresses of those individuals who are committing the infringement.

7. We observed that the manner of the transfer of the Motion Picture for which Plaintiff holds the exclusive rights among the P2P network. The P2P methodologies make even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file using a P2P network. This is called "seeding." Other users ("peers") on the network connect to the seeder to download. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This means that every "node" or peer user who has a copy of the infringing copyrighted material on a P2P network can also be a source of download for that infringing file.

8. This distributed nature of P2P leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a P2P protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a possible source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is

*simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.  (See Decl. of Patrick Achache.)

9. Because the Plaintiff has not authorized this copyrighted Motion Picture to be copied or distributed in unsecured P2P networks, I believe that the copying and distribution of the Motion Picture on P2P networks violates the copyright laws.

### Plaintiff's Identification of the Doe Defendants

10. In order to assist Plaintiff in combating copyright infringement on P2P networks, Guardaley caused searches of several P2P networks to be conducted for infringing copies of the Plaintiff's Motion Picture.  The search function of the P2P network was used to look for network users who were offering for distribution audiovisual files that were labeled with the names of Plaintiff's copyrighted Motion Picture.  Guardaley then conducted a download of the respective content and careful and thorough review of that data. Unique hash values of these files were created as soon as the content has been verified as a valid copy of Plaintiff's copyrighted Motion Picture.  Guardaley started searching for individuals making the content identified by these hash values available to the public.  When a network user was located who was making that content available for distribution, Guardaley downloaded a part of that file(s) and stored other specific information in order to confirm that infringement was occurring and to identify the infringer by the Internet Protocol ("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity.

4

**The Need For Expedited Discovery**

11. Obtaining the identity of copyright infringers on an expedited basis is critical to prosecution of this action and stopping the continued infringement of this copyrighted Motion Picture. Without expedited discovery in the instant case, Plaintiff has no way of serving Defendants with the complaint and summons in this case. Plaintiff does not have Defendants' names, addresses, e-mail addresses, or any other way to identify or locate Defendants, other than the unique IP address assigned to each Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity.

12. Further, Internet service providers have different policies pertaining to the length of time they preserve session data which identify their subscribers. Despite requests to preserve the information, some ISPs keep the session data of their subscribers' activities for only limited periods of time -- sometimes as little as weeks or even days -- before erasing the data they contain. If an ISP does not have to respond expeditiously to a discovery request, the identification information in that ISP's logs may be erased.

13. The Motion Picture for which Plaintiff holds the exclusive licensing and distribution rights continue to be made available for unlawful transfer and distribution using P2P protocols, in violation of Plaintiff's rights. Guardaley continues to monitor such unlawful distribution and transfer of Plaintiff's Motion Picture and to identify infringers. (See Decl. of Patrick Achache.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 20, 2012.

_____
Benjamin Perino