# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**VOLTAGE PICTURES, LLC,**

                   **Plaintiff,**

-vs-                                       **Case No. 2:12-cv-217-FtM-29DNF**

**DOES 1-2,514,**

                   **Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE (Doc. No. 4)** |
| **FILED:** | **April 20, 2012** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Plaintiff, Voltage Pictures, LLC is requesting leave to take discovery prior to the FED. R. CIV. P. 26(f) conference. The Plaintiff is a film producer and motion picture copyright holder. The Plaintiff filed this action for copyright infringement of one of its motion picture copyrights. The Plaintiff is suing the Defendants for using the internet and the "BitTorrent protocol" to commit copyright infringement. The Plaintiff does not know the identities of the Defendants, but can identify them by their Internet Protocol ("IP") addresses which were assigned to the Defendants by their Internet Service Providers ("ISP"). The Plaintiff is requesting leave to serve limited discovery on non-

-1-

party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that the Plaintiff identifies during the course of the litigation. The Plaintiff anticipates serving subpoenas on the ISPs requesting the identifying information for the Defendants.  If the first ISP does not have the information, it may be able to identify an intermediary ISP with that information, and the Plaintiff would like to serve a subpoena on that ISP and request identifying information for the Defendants.

Pursuant to Local Rule 3.05(c)(2)(B), normally discovery is not permitted prior to the case management meeting. M.D. Fla. L.R. 3.05(c)(2)(B).  Further, FED. R. CIV. P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, a Rule 26 conference cannot take place until the identities of the Defendants are known and the Defendants have been served.  The Plaintiff has shown that it has attempted to identify the Defendants and is not able to identify them based upon the information known to it.  The Plaintiff has shown good cause to conduct limited discovery prior to a Rule 26 conference.  The Court will allow the Plaintiff to conduct limited discovery by serving subpoenas on ISPs to determine the names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of the Defendants to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint (Doc. 1)  or any other service provider that is later identified in response to these initial subpoenas.

**IT IS FURTHER ORDERED:**

1)  The Plaintiff is permitted limited discovery  to serve subpoenas to determine the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses of the

Defendants to whom the ISP assigned an IP address as set forth in Exhibit A of the Complaint (Doc. 1) or any other service provider that is later identified in response to these initial subpoenas.

2) The Plaintiff shall attach a copy of this Order with the subpoenas, and this Order shall be considered an appropriate court order under 47 U.S.C. §551.

3) Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, however, an ISP may elect to charge a reasonable amount for the costs of production.

4) Any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

5) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  24th   day of April, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record